IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| KEITH R. HINZE, | ) CASE NO. 10-80637-G3-7 |
| Debtor, | ) |
| CHARLES K. WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 11-8018 |
| KEITH R. HINZE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court has considered the "Defendant Debtor's Second Motion for Summary Judgment" (Docket No. 15). The court heard argument on the instant motion at a pretrial conference held on June 26, 2012. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Keith R. Hinze ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 29, 2010.

On February 11, 2011, Charles K. Watkins ("Plaintiff") filed a complaint objecting to the dischargeability of Debtor's debt to Plaintiff, in Adversary No. 11-8003.

On March 31, 2011, Adversary No. 11-8003 was dismissed, for failure of Plaintiff to pay the adversary proceeding filing fee.

In the instant adversary proceeding, Plaintiff seeks a determination that Debtor's alleged debt to Plaintiff is nondischargeable.

The court held an initial status conference in the above captioned adversary proceeding on December 2, 2011.

In the instant adversary proceeding, Debtor filed a status report on January 6, 2012.  The status report provides in pertinent part:  "No facts have been stipulated to as of this time and discovery propounded to CREDITOR is currently pending." (Docket No. 4).  Debtor did not state in the status report that Debtor and Plaintiff had conferred, as required by Rule 26(f) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7026.

In the instant motion, Debtor seeks summary judgment on two grounds.  First, Debtor asserts that the dismissal of Adversary No. 11-8003 is <u>res judicata</u> of Plaintiff's claims in the above captioned adversary proceeding.  Second, Debtor asserts

that summary judgment is proper as a result of deemed admissions arising from Plaintiff's failure to respond to discovery.

Debtor does not directly support the instant motion with any documents.  Instead, Debtor states that he incorporates by reference his motion for summary judgment in Adversary No. 11-8017, and documents attached thereto.

The documents attached as exhibits to Debtor's motion for summary judgment in Adversary No. 11-8017 (Docket No. 8, Adv. No. 11-8017) are a) a letter, dated December 7, 2011, purportedly delivered by facsimile from Debtor's counsel to Plaintiff's counsel, and attaching what appear to be requests for admissions, interrogatories, and requests for production of documents in connection with Adv. No. 11-8017; b) a paper bearing a logo "eFax" and a title "Websend Confirmation," purporting to reflect delivery of an unspecified document to Plaintiff; c) a purported copy of an email transmission from "send@mail.efax.com" to Debtor's counsel stating that a 15 page fax was successfully transmitted; d) a second paper bearing the "eFax" logo and the title "Websend Confirmation," purporting to reflect delivery of an unspecified document to Plaintiff's counsel; e) a purported copy of an email transmission from "send@mail.efax.com" to Debtor's counsel stating that a 15 page fax was not successfully transmitted; f) a third paper bearing the "eFax" logo and the title "Websend Confirmation," purporting to reflect delivery of

an unspecified document to Plaintiff's counsel; g) a purported copy of an email transmission from "send@mail.efax.com" to Debtor's counsel stating that a 15 page fax was successfully transmitted; h) an affidavit addressing the merits of Adversary No. 11-8017; i) what appears to be a portion of a document bearing the stamp of a notary public; j) an affidavit of Debtor's counsel purporting to authenticate certified copies of state court pleadings; k) a certified copy of a pleading filed in the Justice Court of Chambers County, Texas on July 27, 2011; l) a certified copy of a pleading filed in the Justice Court of Chambers County, Texas on September 19, 2011; and m) the affidavit of Debtor's counsel as to attorney fees.

## Conclusions of Law

Rule 56(a) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Rule 56(a), Fed. R. Civ. P.

Rule 56(c)(1) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

4

>> declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(c)(1), Fed. R. Civ. P.

Rule 56(c)(4) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides that an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.  Rule 56(c)(4), Fed. R. Civ. P.

Rule 56(c)(4) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides that the court need consider only the cited materials, but it may consider other materials in the record.  Rule 56(c)(3), Fed. R. Civ. P.

For <u>res judicata</u> to bar the relitigation of a claim, four requirements must be met: (1) the parties must be identical or in privity; (2) the judgment in the prior action must be rendered by a court of competent jurisdiction; (3) the prior action must be concluded by a final judgment on the merits; and (4) the same claim or cause of action must be involved in both actions.  <u>Petro-Hunt, L.L.C. v. United States</u>, 365 F.3d 385 (5th Cir. 2004).

A dismissal for failing to pay the filing fee is not a final judgment on the merits, and thus dismissal does not result in a res judicata effect.  See Pavlovsky v. VanNatta, 431 F.3d 1063 (7th Cir. 2005).  The court concludes that dismissal of Adversary No. 11-8003 is not res judicata of the causes of action asserted in the complaint in the instant adversary proceeding.

Rule 26(d)(1) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7026, provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

Each of the rules in the Federal Rules of Civil Procedure addressing discovery (Rule 33(a)(1), as made applicable by Bankruptcy Rule 7033, as to interrogatories; Rule 34(a) as made applicable by Bankruptcy Rule 7034, as to requests for production; and Rule 36(a)(1), as made applicable by Bankruptcy Rule 7036, as to requests for admission) provides that the parties "may serve" their respective discovery requests.

Rule 5(b)(2) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7005, governs service of pleadings and other papers.  With respect to electronic transmissions, Rule 5(b)(2)(E) provides:

> (2) Service In General.  A paper is served under this rule by:
>
> > (E) sending it by electronic means if the person consented in writing--in which event service is

>       complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.

Rule 5(b)(2)(E), Fed. R. Civ. P.

In the instant adversary proceeding, nothing in the record establishes that Plaintiff consented in writing to receive service of discovery by electronic means.  Nothing in the record establishes that the parties conferred before Debtor propounded discovery.  Nothing in the record establishes that discovery was propounded with respect to the instant adversary proceeding.  Additionally, none of the documents purported by Debtor to establish the facts regarding discovery matters in the instant adversary proceeding were authenticated.  The court concludes that Debtor is not entitled to summary judgment on grounds of deemed admissions.

Based on the foregoing, a separate Judgment will be entered denying the "Defendant Debtor's Second Motion for Summary Judgment" (Docket No. 15).

Signed at Houston, Texas on July 17, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE